# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00139-CR

**Sesees Crayon Holmes aka Sesees Crayon Quinones, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 52,485, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

Appellant Sesees Crayon Holmes appeals her conviction in a bench trial for the third-degree felony of securing the execution of a document by deception affecting property over the value of $20,000 but less than $100,000. *See* Tex. Pen. Code Ann. ' 32.46 (West Supp. 2002). The trial court assessed appellant=s punishment at ten years= imprisonment.

## Point of Error

In her sole point of error, appellant asserts that the trial court erred when it considered evidence outside the record and abused its discretion when it imposed the maximum sentence of ten years for a third-degree felony. We will affirm the conviction.

## Background

Appellant waived trial by jury. She entered into a plea agreement to plead guilty if the State abandoned the paragraph in the indictment alleging a prior felony conviction for the enhancement of punishment. This plea agreement did not involve an understanding as to the punishment to be assessed for the primary offense. On November 13, 2001, appellant entered a plea of guilty to the primary offense, the State abandoned the prior-conviction allegation, and the trial court expressly accepted the guilty plea as an Aopen plea@ as to the punishment to be assessed.

Appellant was duly admonished of the consequences of her plea. Thereafter, the State offered appellant=s extra-judicial confession into evidence to satisfy the requirements of article 1.15. Tex. Code Crim. Proc. Ann. art. 1.15 (West Supp. 2002). The trial court found appellant guilty and ordered a presentence investigative report. *See* Tex. Code Crim. Proc. Ann. art. 42.12, ' 9 (West Supp. 2002).

On January 29, 2002, the unitary trial on appellant=s plea of guilty continued. *See Barfield v. State*, 63 S.W.3d 446, 450 (Tex. Crim. App. 2001) (bifurcated trial without jury not authorized by governing statute). At this proceeding, the State offered the presentence report. Appellant=s counsel stated that he believed the report to be Afactually correct.@ The report was admitted into evidence. No other evidence was offered, but both counsel presented argument to the trial court on the issue of punishment. The trial court then assessed appellant=s punishment at ten years= imprisonment.

## Argument

Now on appeal, appellant contends the imposition of the ten-year sentence was an abuse of discretion because the trial court considered evidence outside the record. Appellant does not tell us what evidence outside the record that the trial court improperly considered other than to call our attention to the trial court=s remarks at the commencement of the proceeding on January 29, 2002. After determining appellant=s name for the purpose of the record, the same judge who had presided at the guilt plea proceeding over two months earlier asked:

THE COURT: All right. I have to ask is there a revocation pending or other cases because her name is familiar from me seeing it on the docket lots of times. And so that makes me think that there=s been other cases.

MR. GIBSON [defense counsel]: Judge, well, yeah. There=s a divorce pending but that=s not in your court but there have been other cases. I don=t think you were on those.

THE COURT: No. I just remember seeing the names. What concerns me is that I=ve seen the name enough to think that maybe there=s been other cases and that maybe that she=s on a probation for something or that there=s a motion to revoke that=s been filed.

MR. GIBSON: All of those have been disposed of.

MR. MCWILLIAMSON [prosecutor]: Have been disposed of, Your Honor.

MR. GIBSON: That was a couple of years ago.

THE COURT: Okay. Nothing else but this case?

MR. GIBSON: No.

There was no objection to the trial court=s inquiry in a non-jury setting so as to preserve error, if any. *See* Tex. R. App. P. 33.1; *Henderson v. State*, 962 S.W.2d 544, 559 (Tex. Crim. App. 1997); *Moore v. State*, 907 S.W.2d 918, 921 (Tex. App.CHouston [1st Dist.] 1995, pet. ref=d). We are not confronted with a trial court=s comments in the presence of a jury as in *Blue v. State*, 41 S.W.3d 129, 130-33 (Tex. Crim. App. 2000).

Appellant did file a motion for a new trial. It was overruled. The subject matter of that motion was not the same as the contention now advanced on appeal. No new facts were adduced to show that the trial court relied upon evidence outside the record. *Cf*. Tex. R. App. P. 21.2.

The presentence report introduced into evidence showed that appellant had a felony conviction for which she served time in prison, four state jail felonies for theft and forgery, two misdemeanor convictions for theft, and a pending misdemeanor case for giving a Ahot@ check. In one of the state jail felony cases, her probation had been revoked. In addition to her divorce suit, Patriot Pontiac Automobile Company, the victim in the instant criminal case, had filed a civil lawsuit against appellant. Further, the prosecutor informed the trial court that all of appellant=s prior convictions had occurred in the last six years.

In light of appellant=s criminal record as reflected by the presentence report, it is not surprising that the trial court may have seen appellant=s name on some docket lists. There was no objection to the trial court=s inquiry in a non-jury setting. No error was preserved for appellate review. Moreover, there is nothing to show that the trial court took into consideration anything outside the record in assessing punishment. The sole point of error is overruled.

The judgment is affirmed.

John F. Onion, Jr., Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Onion[*]

Affirmed

Filed:   September 12, 2002

Do Not Publish

---

[*]   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).