NUMBER 13-02-279-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG


RICARDO HERNANDEZ REYNA, Appellant, 

v.


THE STATE OF TEXAS , Appellee.




On appeal from the 103rd District Court

of Cameron County, Texas.




O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Baird (1)

Opinion by Justice Baird


 Appellant was charged in a multiple count indictment with the offenses of aggravated sexual assault, sexual assault, and
indecency with a child. Appellant's motion to sever the counts was granted and this appeal involves only counts I, II, and
III of the indictment. A jury convicted appellant of the offenses of aggravated sexual assault and sexual assault. The trial
judge assessed punishment at confinement for fifty years for count I, and twenty years for counts II and III in the Texas
Department of Criminal Justice--Institutional Division. We affirm.

Voluntariness of Confession.

 The first point of error contends the trial judge erred in denying appellant's motion to suppress his written statement. 
While appellant concedes that "superficially" the confession appears to be voluntary, he nevertheless argues the statement
should have been suppressed. Appellant's complaint stems from the fact that he speaks only Spanish, and was interviewed
in Spanish by Rudy Delgado, an investigator with the Cameron County Sheriff's Office. However, Delagdo wrote
appellant's statement in English and read it to appellant before appellant signed it. Appellant argues these circumstances
make the statement inherently untrustworthy. 

 At the hearing on appellant's motion to suppress the statement, the trial judge heard the testimony of Delgado, who
repeatedly testified that appellant made his statement voluntarily and without any promise, threat, or coercion. Delgado
was the only witness to testify at the hearing. At the conclusion of that testimony, the trial judge made the following
findings and conclusions:

 All right. The Court finds that based on the testimony that I have heard, the officer, number one gave him the required
warnings. Number two, there is no evidence of any improper influences brought to bear of any sort on the defendant to get
him to execute this or in any way he attempted to exercise some of those rights and was denied the opportunity to do so.



 The officer has testified that he is conversant in both languages and is able to translate the written English into Spanish
sufficient to tell the defendant what was written on the document, which of course necessarily had to be in English; that he
made the translation and that the defendant understood it, and there is no evidence to the contrary. And based on that, the
court believes the officer to be telling the truth, that he did in fact get the information in Spanish from the defendant, reduce
it to writing in English, translate the English document back to the defendant orally in Spanish. The defendant agreed to it,
that that was his statement and voluntarily signed it, and that the proper warnings show on the face of the document.



 So based on that State's Exhibit 5 . . . will be received.



 We believe the instant case is controlled by Hernandez v. State, 978 S.W.2d 137 (Tex. App.-Austin 1998, pet. ref'd), where
the defendant was born in Mexico and English was not his primary language. Id. at 140. Nevertheless, the Hernandez
court held:

 [A]ssuming that the officer who read the blue card containing the Miranda warnings in Spanish and English was not fluent
in Spanish, nothing established that appellant did not understand the warnings or his statement or did not voluntarily and
knowingly waive the rights set out in the warnings. The testimony of the officers and the other witnesses was that appellant
understood and knowingly waived his rights and executed his statement. There is no evidence to the contrary in the record.



Id. 

 In the instant case, there is absolutely no evidence that appellant was not properly warned, or that his statement was not
made under voluntary conditions. At a hearing on the voluntariness of a confession, the trial court is the sole judge of the
weight and credibility of the witnesses. Miniel v. State, 831 S.W.2d 310, 315 (Tex. Crim. App. 1992); Lamb v. State, 680
S.W.2d 11, 15 (Tex. Crim. App. 1984). The trial judge may believe or disbelieve all or any part of any witness's testimony.
Lamb,680 S.W.2d at 15. When reviewing a trial court's determination of the voluntariness of a confession, the appellate
court must determine whether the trial court abused its discretion. Miniel, 831 S.W.2d at 315. Absent an abuse of
discretion, the trial court's findings will not be disturbed. Id. In this case, there is no showing that the trial judge abused his
discretion. Consequently, we are not at liberty to disturb his findings. Accordingly, the first point of error is overruled.

Judicial Comment.

 The second point of error contends the trial judge created fundamental error by commenting on the weight of the evidence. 
Count II of the indictment alleged the offense of aggravated sexual assault because the complainant was younger than
fourteen years of age at the time of the commission of the alleged offense. Tex. Pen. Code Ann. § 22.021(a)(2)(B) (Vernon
2003). Prior to trial, the State informed the trial judge that the complainant was not fourteen or younger. Therefore, the
offense should have been alleged as a sexual assault. Id. § 22.011((a)(2)(A) (Vernon 2003). The trial judge indicated he
would make some explanation to the venire. (2) When the venire was seated, the trial judge offered an explanation to the
venire regarding the allegation of the complainant's age in count II of the indictment. No objection was made to this
explanation. On appeal, appellant argues the trial judge's explanation was fundamental error requiring reversal. The State
contends the error, if any, has not been preserved for our review, and if preserved, that the explanation was not error. For
the following reasons, we agree with the State.

 Article 38.05 of the code of criminal procedure prohibits a judge from commenting on the weight of the evidence. Tex.
Code Crim. Proc. Ann. art. 38.05 (Vernon Supp. 2003). However, a violation of this article is forfeitable by inaction.
Moore v. State, 907 S.W.2d 918, 923 (Tex. App.-Houston [1st Dist.] 1995, pet. ref'd). Since no objection was lodged in the
trial court, we hold this issue is not preserved for our review. Tex. R. App. P. 33.1(a); Lookingbill v. State, 855 S.W.2d 66,
77 (Tex.App.-Corpus Christi 1993, pet. ref'd) ("A defendant must object to the comment at trial in order to preserve error
for appellate review.").

 Appellant argues that the comments of the trial court amounted to "fundamental error" and, therefore, an objection was not
required to preserve this issue for our review. In Blue v. State, 41 S.W.3d 129 (Tex. Crim. App. 2000), the court of
criminal appeals held the trial judge's statement to the venire that he preferred the defendant plead guilty tainted the
defendant's presumption of innocence and was fundamental error. Id. at 132. However, in this case, the trial judge's
explanation does not rise to the level of fundamental error because he did not express an opinion on the sufficiency of
evidence in appellant's case; the trial court merely explained the legal process if the State failed to prove the essential
element of the complainant's age. Mestiza v. State, 923 S.W.2d 720, 724 (Tex. App.-Corpus Christi 1996, no writ) (finding
that a trial court did not express an opinion of a party's guilt by briefly explaining parole in response to a venire member's
question). Consequently, we hold the trial judge's explanation does not rise to the level of fundamental error thereby
escaping the need to object to preserve the issue for appellate review.

 Assuming, arguendo, this issue was preserved, we further hold the explanation provided by the trial judge did not violate
article 38.05 because he did not impermissibly comment on the weight of the evidence but merely helped explain the
applicable rule of criminal law when the State fails to prove an element of the alleged offense. Williams v. State, 834
S.W.2d 502, 505 (Tex. App.-Fort Worth 1992, pet. ref'd). This rule of applicable law was incorporated in the court's
charge when the trial judge instructed the jury as follows: 

 With respect to Count No. 2 only, the Court has determined that there is no evidence that the offense alleged in Count No.
2 occurred while the alleged victim was under the age of 14. Therefore with respect to that count you are only being
instructed on the lesser included offense of sexual assault.



Accordingly, we find that the trial judge's explanation was not a comment on the weight of the evidence because the
explanation was not reasonably calculated to harm appellant. Lookingbill, 855 S.W.2d at 77 ("A remark from the judge
does not violate art. 38.05 unless it benefits the state or harms the defendant."). For these reasons, the second point of error
is overruled.

 The judgment of the trial court is affirmed.

 

CHARLES BAIRD,

Justice

Do not publish.

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 19th day of June, 2003.

 




1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to the government code. Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Specifically, the trial judge stated: "I think I somehow need to explain that to the jury." Later, he stated: "Legally there is
no problem, I just think I need to tell the jury what has happened. It's just inadvertent and it was too late to take a chance on
changing it at this time, so I'm going to - - I am telling them, although it says 14 . . . The evidence is under 17.