Opinion issued April 12, 2007

 













In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01179-CR






JOHN ANTHONY PREE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 400th District Court

Fort Bend County, Texas

Trial Court Cause No. 40,460






MEMORANDUM OPINION


 A jury convicted appellant, John Anthony Pree, of aggravated robbery and
sentenced him to 40 years' confinement. Tex. Pen. Code Ann. § 29.03 (Vernon
2003). On appeal, appellant complains that (1) the trial court erred in extensively
examining the venire panel and (2) the prosecutor erred in expressing his personal
belief during voir dire that appellant was guilty. Neither of these complaints was
asserted at trial. We hold that appellant has, therefore, waived each of his complaints
on appeal, and we affirm the judgment of the trial court.Trial Court's Voir Dire

 In his first point of error, appellant complains that, under article 35.17(2) of the
Texas Code of Criminal Procedure, it was improper for the trial court to extensively
examine the members of the venire panel. Tex. Code Crim. Proc. Ann. art. 35.17(2)
(Vernon 2006). Specifically, appellant complains that the trial court improperly
questioned the panel on the principles of bias and prejudice, burden of proof,
reasonable doubt, presumption of innocence, Fifth Amendment privilege, and range
of punishment. Relying further on the authority of article 35.17(2), appellant asserts
that the trial court may inquire into these areas only in capital cases. (1) Appellant,
however, has waived this complaint. 

 To preserve a complaint for appellate review, a party must have presented to
the trial court a timely request, objection, or motion stating the specific grounds for
the ruling desired. Tex. R. App. P. 33.1(a). It is well-established that almost every
right may be waived by failing to object. See Fuentes v. State, 991 S.W.2d 267, 273
(Tex. Crim. App. 1999) (waiver of complaint about trial court's explanation of
reasonable doubt standard during voir dire where appellant failed to renew objection
when explanation was later repeated by the trial court); see also Moore v. State, 907
S.W.2d 918, 923 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd) (waiver of
complaint about trial court's comment on the weight of the evidence during voir dire). 
Absent fundamental error, we cannot reverse on grounds of which the trial court was
not made aware. See Moore, 907 S.W.2d at 922 (objection required because right to
be free of judge's comment is not fundamental). 

 Here, as previously stated, the trial court instructed and examined the venire
on the principles of bias and prejudice, burden of proof, return of indictment by grand
jury, presumption of innocence, credibility of witnesses, Fifth Amendment privileges,
and range of punishment. The trial court's exchange with the venire spans
approximately 15 pages in the record. Absent from these pages is any objection from
appellant to either the trial court's instructions or questions on these issues. The error
complained of is not fundamental, and, therefore, an objection was required to
preserve the issue for appellate review. See id. Because he failed to object, appellant
has waived this complaint. 

 Accordingly, we overrule appellant's first point of error. 

Prosecutor's Voir Dire

 In his second point of error, appellant complains that it was improper for the
prosecutor to state his personal belief during voir dire that appellant was guilty. 
Appellant, however, has also waived this complaint.

 During voir dire, the following exchange occurred between the prosecutor and
a venireperson.

VENIREPERSON NO. 19: This is going to be really unfair, but as a
prosecutor, is your mind already made up before you hear the evidence?


[PROSECUTOR]: What do you mean, is my mind made up, sir?

 

VENIREPERSON NO. 19: Guilty or innocent, is your mind - are you
convinced he's guilty before the trial?

 

[PROSECUTOR]: Sir, of course, I am, okay? But I'm not the one that
matters here. All right? 

 Appellant concedes that he failed to object to the prosecutor's statements and argues
that, because the harm resulting from the prosecutor's comments was incurable, an
objection was not required. We disagree. "When an appellant complains about an
improper remark by the prosecutor during voir dire, appellant must object when the
remark is made." Espinosa v. State, 194 S.W.3d 703, 708 (Tex. App.--Houston
[14th Dist.] 2006, no pet.). Because an objection was required to preserve any error
for review, appellant has waived this complaint on appeal. See Tex. R. App. P.
33.1(a). 

 Accordingly, we overrule appellant's second point of error. 

Conclusion

 We affirm the judgment of the trial court. 



 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).
1.