# NO. 12-07-00323-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WALTER RAY BARRETT,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Walter Ray Barrett appeals his conviction for felony driving while intoxicated, for which he was sentenced to imprisonment for thirty years. In one issue, Appellant argues that the trial court made an improper comment on the evidence in violation of Texas Code of Criminal Procedure, article 38.05. We affirm.

### BACKGROUND

Appellant was charged by indictment with felony driving while intoxicated and pleaded "not guilty." The matter proceeded to trial, after which the jury found Appellant guilty as charged.

Thereafter, a trial on punishment was conducted before the jury. During the trial on punishment, Appellant requested that he be permitted to read a prepared statement to the jury. The trial court granted Appellant permission to do so. During his statement to the jury, Appellant stated, "I feel that the decision you have made against me is unfair and unjustly --" The trial court interrupted Appellant and the following exchange occurred:

> THE COURT: Well, I'm not going to – I don't want criticism of the jury. Mr. Barrett, let me see. I'm not – no, I'm not going to allow you to read something to criticize the jury. That ends it.

THE WITNESS: It's not criticizing, sir.

[APPELLANT'S COUNSEL]:     In the rest of the letter, it goes on –

THE COURT:     No.

THE WITNESS: It's not criticizing.  Due to the evidence –

THE COURT:     Again, telling the Court -- coming from this witness stand, I'm giving him some leeway, but he's not going to criticize the jury.  He's -- he's taking them to issue on the amount of evidence they have found him guilty.  And Mr. Barrett, this is the second time, no more.  If you want to read a letter, but -- and this is highly unusual.  We're going to take it back to question and answer.  Go ahead.

Ultimately, the jury assessed Appellant's punishment at imprisonment for thirty years.  The trial court sentenced Appellant accordingly, and this appeal followed.

## TRIAL COURT'S COMMENT ON APPELLANT'S STATEMENT TO THE JURY

In his sole issue, Appellant argues that the trial court's comment that it would not permit him to "criticize the jury" amounted to an improper comment on the evidence in violation of Texas Code of Criminal Procedure, article 38.05.  Article 38.05 states as follows:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

TEX. CODE CRIM. PROC. ANN. art. 38.05 (Vernon 1979).

To constitute reversible error in violation of article 38.05, the judge's comment must be such that it is reasonably calculated to prejudice the defendant's rights or benefit the state.  *See Marks v. State*, 617 S.W.2d 250, 252 (Tex. Crim. App. [Panel Op.] 1981).  To preserve error, the complaining party must have objected to the judge's comment or the objection is waived.  *See Sharpe v. State*, 648 S.W.2d 705, 706 (Tex. Crim. App. 1983); *Moore v. State*, 907 S.W.2d 918, 921 (Tex. App.–Houston [1st Dist.] 1995, pet. ref'd).

In the instant case, Appellant did not object to the trial court's comment of which he now

2

complains.[1]  Moreover, Appellant has made no argument to this court that the trial court's comment constituted fundamental error.[2]  *See* Tex. R. App. P. 38.1(h).  Therefore, we hold that Appellant has waived the error, if any, of which he now complains.  *See* Tex. R. App. P. 33.1.  Appellant's sole issue is overruled.

**DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

　　SAM GRIFFITH　　

Justice

Opinion delivered December 31, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] It is apparent from the record that Appellant took issue with the trial court's statement.  However, Appellant did not make a legal objection concerning the trial court's alleged violation of article 38.05.

[2] The issue of whether a trial court's comment on the evidence in violation of article 38.05 can amount to fundamental error has been previously raised before this court. *See, e.g., **Stribling v. State***, No. 12-06-00296-CR, 2007 WL 2045245, at *3 (Tex. App.–Tyler July 18, 2007, no pet.) (citing ***Blue v. State***, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000)); ***Martinez v. State***, 147 S.W.3d 412, 419–20 (Tex. App.–Tyler 2004, pet. ref'd). However, in each of these cases, we did not consider the issue of whether a violation of article 38.05 was fundamental error, but rather distinguished ***Blue*** because the trial court's comments in both ***Stribling*** and ***Martinez*** were not directed at the weight of the evidence, and thus, did not violate article 38.05. *See **Stribling***, 2007 WL 2045245, at *3; ***Martinez***, 147 S.W.3d at 419–20. We further noted that since there is no majority opinion in ***Blue***, it is not binding precedent. *See **Stribling***, 2007 WL 2045245, at *3 n.3 (citing ***Murchison v. State***, 93 S.W.3d 239, 262 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd)); ***Martinez***, 147 S.W.3d at 420 n.7. We acknowledge that the court of appeals in ***Moore*** has considered the issue of fundamental error and held that "the article 38.05 right to prohibit the judge from commenting on the weight of the evidence or conveying his opinion of the case is forfeitable by inaction." ***Moore***, 907 S.W.2d at 923.

3
