NO. 12-07-00323-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


WALTER RAY BARRETT,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Walter Ray Barrett appeals his conviction for felony driving while intoxicated, for which he
was sentenced to imprisonment for thirty years. In one issue, Appellant argues that the trial court
made an improper comment on the evidence in violation of Texas Code of Criminal Procedure,
article 38.05. We affirm.

Background

 Appellant was charged by indictment with felony driving while intoxicated and pleaded "not
guilty." The matter proceeded to trial, after which the jury found Appellant guilty as charged. 

 Thereafter, a trial on punishment was conducted before the jury. During the trial on
punishment, Appellant requested that he be permitted to read a prepared statement to the jury. The
trial court granted Appellant permission to do so. During his statement to the jury, Appellant stated,
"I feel that the decision you have made against me is unfair and unjustly --" The trial court
interrupted Appellant and the following exchange occurred:


 THE COURT: Well, I'm not going to - I don't want criticism of the jury. Mr. Barrett, let
me see. I'm not - no, I'm not going to allow you to read something to criticize the jury. That ends
it.

 

 THE WITNESS: It's not criticizing, sir. 

 

 [APPELLANT'S COUNSEL]: In the rest of the letter, it goes on - 

 

 THE COURT: No. 

 

 THE WITNESS: It's not criticizing. Due to the evidence -

 

 THE COURT: Again, telling the Court -- coming from this witness stand, I'm giving him
some leeway, but he's not going to criticize the jury. He's -- he's taking them to issue on the amount
of evidence they have found him guilty. And Mr. Barrett, this is the second time, no more. If you
want to read a letter, but -- and this is highly unusual. We're going to take it back to question and
answer. Go ahead.



Ultimately, the jury assessed Appellant's punishment at imprisonment for thirty years. The trial
court sentenced Appellant accordingly, and this appeal followed.

 

Trial Court's Comment on Appellant's Statement to the Jury

 In his sole issue, Appellant argues that the trial court's comment that it would not permit him
to "criticize the jury" amounted to an improper comment on the evidence in violation of Texas Code
of Criminal Procedure, article 38.05. Article 38.05 states as follows:


 In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the
weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible;
nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark
calculated to convey to the jury his opinion of the case. 



Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979). 

 To constitute reversible error in violation of article 38.05, the judge's comment must be such
that it is reasonably calculated to prejudice the defendant's rights or benefit the state. See Marks v.
State, 617 S.W.2d 250, 252 (Tex. Crim. App. [Panel Op.] 1981). To preserve error, the complaining
party must have objected to the judge's comment or the objection is waived. See Sharpe v. State,
648 S.W.2d 705, 706 (Tex. Crim. App. 1983); Moore v. State, 907 S.W.2d 918, 921 (Tex.
App.-Houston [1st Dist.] 1995, pet. ref'd).

 In the instant case, Appellant did not object to the trial court's comment of which he now
complains. (1) Moreover, Appellant has made no argument to this court that the trial court's comment
constituted fundamental error. (2)
 See Tex. R. App. P. 38.1(h). Therefore, we hold that Appellant has
waived the error, if any, of which he now complains. See Tex. R. App. P. 33.1. Appellant's sole
issue is overruled.


Disposition

 Having overruled Appellant's sole issue, we affirm the trial court's judgment.




 SAM GRIFFITH 

 Justice



Opinion delivered December 31, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.




(DO NOT PUBLISH)
1. It is apparent from the record that Appellant took issue with the trial court's statement. However,
Appellant did not make a legal objection concerning the trial court's alleged violation of article 38.05.
2. The issue of whether a trial court's comment on the evidence in violation of article 38.05 can amount to
fundamental error has been previously raised before this court. See, e.g., Stribling v. State, No. 12-06-00296-CR,
2007 WL 2045245, at *3 (Tex. App.-Tyler July 18, 2007, no pet.) (citing Blue v. State, 41 S.W.3d 129, 132 (Tex.
Crim. App. 2000)); Martinez v. State, 147 S.W.3d 412, 419-20 (Tex. App.-Tyler 2004, pet. ref'd). However, in
each of these cases, we did not consider the issue of whether a violation of article 38.05 was fundamental error, but
rather distinguished Blue because the trial court's comments in both Stribling and Martinez were not directed at the
weight of the evidence, and thus, did not violate article 38.05. See Stribling, 2007 WL 2045245, at *3; Martinez,
147 S.W.3d at 419-20. We further noted that since there is no majority opinion in Blue, it is not binding precedent.
See Stribling, 2007 WL 2045245, at *3 n.3 (citing Murchison v. State, 93 S.W.3d 239, 262 (Tex. App.-Houston
[14th Dist.] 2002, pet. ref'd)); Martinez, 147 S.W.3d at 420 n.7. We acknowledge that the court of appeals in Moore
has considered the issue of fundamental error and held that "the article 38.05 right to prohibit the judge from
commenting on the weight of the evidence or conveying his opinion of the case is forfeitable by inaction." Moore,
907 S.W.2d at 923.