NUMBER 13-07-548-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ANTONIO CORTEZ, Appellant,


v.



THE STATE OF TEXAS , Appellee.

 




On appeal from the 28th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez


 A jury found appellant, Antonio Cortez, guilty of one count of felony driving while
intoxicated (1) and one count of intoxication assault. (2) The trial court assessed a sentence of
ten years' imprisonment. (3) By two issues, appellant contends that: (1) comments by the
trial court constituted fundamental error; and (2) he was denied due process and a fair trial
when the trial court overruled his objection to a question the prosecutor asked a witness.

I. Background

 As this is a memorandum opinion, and the parties are familiar with the facts, we will
not recite them here except as necessary to explain the Court's decision and the basic
reasons for it. (4)

II. Trial Court's Comments

 By his first issue, appellant argues that the trial court made comments to the jury
that: (1) violated article 38.05 of the code of criminal procedure; (5) and (2) constituted
fundamental error. (6) The State contends that appellant did not preserve error because he
did not object to the trial court's remarks.

 In its opening remarks to the jury, the trial court stated that it would explain how the
criminal trial would proceed in this case. The trial court explained, among other things,
that: (1) it would read instructions to the jury; (2) the State would read the indictment; (3)
the defendant would enter his plea; (4) both sides would present an opening statement;
(5) the State would present testimony; (6) the defendant would have an opportunity to
present evidence if he decided to do so; (7) the defendant would rest his case; (8) the
State would have an opportunity to present rebuttal evidence; (9) when both sides
completed presenting evidence, the trial court would read the charge to the jury; (10) each
attorney would argue its case to the jury; and (11) the jury would begin deliberations. The
trial court then stated, "If the jury reaches a verdict, you will be returned back into the
courtroom so the verdict may be read in open court. If the jury reaches a verdict, then at
that point, your duty will be completed, since the Court will be assessing punishment on
this case and you will be discharged." (Emphasis added).

 Appellant first argues that the trial court's comments violated article 38.05; however,
appellant did not make a timely objection to the trial court pursuant to article 38.05. (7) 
Therefore, he has not preserved this issue for appellate review. (8)

 Relying on Blue v. State, appellant next argues that it was fundamental error when
the trial court stated, "If the jury reaches a verdict, then at that point, your duty will be
completed, since the Court will be assessing punishment on this case and you will be
discharged." (9) (Emphasis added). We disagree. There is no majority opinion in Blue,
therefore it is not binding precedent. (10) However, even if it were, it would not affect our
analysis. The trial court was explaining the procedure that would be followed if the jury
returned a verdict--guilty or not guilty. The record reveals that appellant elected for the
trial court to assess punishment. Therefore, the trial court correctly informed the jury that
the trial court would be assessing punishment. The trial court's comments did not imply
that it believed that appellant was guilty, as appellant argues. We conclude that the trial
court's comments did not constitute fundamental error because the comments did not taint
the presumption of innocence. (11) Accordingly, we overrule appellant's first issue.

III. Prosecutor's Conduct

 By his second issue, appellant contends that the trial court erred when it overruled
his objection to alleged improper testimony by the prosecutor during the redirect
examination of Mercy Armenta, a witness for the State. Appellant cites the following
colloquy:

 [Prosecutor]: Do you remember telling me that [appellant] was
driving, you just don't want to get him in trouble?


 [Armenta]: No, I never--


Defense counsel objected stating, "I'm going to object that's making him [the prosecutor]
a witness." The trial court overruled the objection. Then the following exchange occurred:

 [Prosecutor]: So you don't recall that?

 

 [Armenta]: No, I have never done that.

 

 [Prosecutor]: The very first time we met?

 

 [Armenta]: No. 

 

 [Prosecutor]: And I asked you if you were intoxicated when some of
the staff smelled [sic] you of drinking here at the
courthouse?


 [Armenta]: No.


 [Prosecutor]: And you told me, no, you weren't intoxicated?


 [Armenta]: No.


 [Prosecutor]: And you told me he couldn't get in trouble--


 [Armenta]: I never said that.


 [Prosecutor]: That he was driving. And--


 [Armenta]: I never said that.


Here, when the prosecutor again stated that Armenta told him that appellant was driving
and could not get in trouble, appellant did not object to the prosecutor's remarks. (12) 
Therefore, appellant did not preserve error because he did not object every time the
allegedly inadmissible evidence was offered. (13) We overrule appellant's second issue.

III. Conclusion

 We affirm the trial court's judgment.

 

 LINDA REYNA YAÑEZ,

 Justice



Do not publish. Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed 

this the 13th day of August, 2009.

1. See Tex. Penal Code Ann. § 49.04(a) (Vernon 2003); id. § 49.09(b)(2) (Vernon Supp. 2008)
(providing that an offense under § 49.04 "is a felony of the third degree if it is shown . . . that the person has
previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while
intoxicated").
2. See id. § 49.07(a)(1) (Vernon Supp. 2008); id. § 49.07(c) (establishing that an offense under section
49.07 is a third degree felony).
3. See id. § 12.34 (Vernon 2003) (providing that the punishment range for a third degree felony is
imprisonment of two to ten years, plus an optional fine of $10,000).
4. See Tex. R. App. P. 47.4.
5. See Tex. Code Crim. Proc. Ann. art 38.05 (Vernon 1979).
6. See Blue v. State, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (en banc) (plurality opinion)
(concluding that the appellant was not required to object to the trial court's improper comments to preserve
error because the comments rose to the level of fundamental error).
7. See Moore v. State, 907 S.W.2d 918, 923 (Tex. App-Houston [1st Dist.] 1995, pet. ref'd) (holding
that "the article 38.05 right to prohibit the judge from commenting on the weight of the evidence or conveying
his opinion of the case . . . is . . . forfeitable by inaction"); see also Wead v. State, No. 13-00-015-CR, 2005
Tex. App. LEXIS 5643, at *3-4 (Tex. App.-Corpus Christi July 21, 2005, no pet.) (not designated for
publication) (setting out that "an objection is required to preserve an article 38.05 argument for appellate
review") (citing Moore, 907 S.W.2d at 923); see also Tex. R. App. P. 33.1.
8. See Peavey v. State, 248 S.W.3d 455, 470 (Tex. App-Austin 2008, pet. ref'd) (concluding that
appellant did not preserve error because he did not make a timely objection to the trial court's comments and
that an article 38.05 objection is forfeited by inaction); Davis v. State, 177 S.W.3d 355, 363 (Tex.
App.-Houston [1st Dist] 2005, no pet.) (en banc) (determining that appellant failed to preserve error
concerning a complaint that the trial court commented on the weight of the evidence because his trial
objection was not timely).
9. See Blue, 41 S.W.3d at 132-33 (concluding that the appellant was not required to object to the trial
court's improper comments to preserve error because "the judge's comments imparted information to the
venire that tainted the presumption of innocence").
10. See Jasper v. State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001) (explaining that even if it were
bound to follow the plurality opinion of Blue, the trial court's comments did not rise to the level of fundamental
error); Peavey, 248 S.W.3d at 471 ("The plurality opinion in Blue is not binding precedent that must be
followed.").
11. See Jasper, 61 S.W.3d at 421 ("None of the trial judge's comments rose to such a level as to bear
on the presumption of innocence or vitiate the impartiality of the jury."); Hernandez v. State, 507 S.W.2d 209,
211 (Tex. Crim. App. 1974) (concluding the trial court's statement, "That's fine. You can try that on appeal."
did not rise to the level of fundamental error and could have been corrected with a jury instruction to
disregard).
12. See Tex. R. App. P. 33.1.
13. See Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (en banc) (providing that
overruling an objection to evidence will generally not result in reversal when other evidence of the same fact
was received, either before or after the complained of ruling); Ethington v. State, 819 S.W.2d 854, 858 (Tex.
Crim. App. 1991) ("[I]t is well settled that an error in admission of evidence is cured where the same evidence
comes in elsewhere without objection; defense counsel must object every time allegedly inadmissible
evidence is offered."); see also Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999) (concluding
that the appellant waived any complaint to the trial court's alleged improper remarks because he did not renew
his objection when the trial court repeated the complained of remarks virtually verbatim).