Opinion issued November 10, 2010

                                                          



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 
01-07-01083-CR

———————————

SANDRA San Miguel, Appellant

V.

The State of Texas, Appellee

 

 



On Appeal from County Criminal Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 1449127

 

 



MEMORANDUM
OPINION

          A jury convicted appellant, Sandra San
Miguel, of driving while intoxicated.  See Tex.
Penal Code Ann. § 49.04 (Vernon 2003).  Appellant pleaded true to
enhancements, and the trial court assessed punishment at 35 days in Harris
County jail.  Appellant raises two issues
on appeal.  First, appellant argues the
prosecutor made comments during voir dire and closing argument that improperly
lowered the State’s burden of proof. 
Second, appellant asks this Court to abate for further fact findings on
whether appellant understood the English instructions and warnings involved in
her field-sobriety tests.  We
affirm.  

Background

          At approximately 1:45 a.m., Reynaldo
Garcia was driving home when a car driven by appellant swerved in front of
him.  He followed appellant’s car and saw
her swerve back and forth and straddle lanes. 
Appellant drove approximately 45 miles per hour, then slowed to five
miles per hour, and then sped up to 60 miles per hour.  Garcia called 911, and Pasadena law enforcement
officers stopped appellant.  

          Officer Gary White noted appellant’s
eyes appeared red and watery and she smelled like alcohol.  Appellant admitted to drinking two or three
beers at a wedding.  Officer White
conducted horizontal gaze nystagmus, walk-and-turn, and leg-stand field-sobriety
tests on appellant.  He initially gave
instructions in English, but switched to Spanish after appellant responded in
Spanish.  Appellant stated she understood
and responded to the instructions given. 
Officer White took appellant into custody and provided written
explanations of her rights regarding breathalyzer testing in both English and
Spanish.  He also played a video which
reviewed those rights in Spanish. 
Appellant refused to give a breath sample and was charged with driving
while intoxicated.  

          Appellant filed a pretrial motion to
suppress the tests, video, and statements surrounding the field-sobriety tests.  In the motion, appellant argued she did not
intelligently and voluntarily consent to the tests because she did not
sufficiently understand English.  The
trial court overruled the motion and admitted the evidence stating appellant
understood the instructions because she made appropriate responses and
performed the tests.

At trial,
the prosecutor made the following statements during voir dire regarding the
reasonable doubt standard:  

So what is
[sic] beyond a reasonable doubt mean?  There
isn’t an exact definition.  Beyond a
reasonable doubt is going to mean whatever it means to you; but it’s not an
impossible burden.  It’s met here in the
courthouse every single day; and it doesn’t mean beyond all doubt; it doesn’t
mean beyond a shadow of a doubt.  It’s
kind of—one way to think of beyond a reasonable doubt is the kind of care and
consideration you would give an important life decision, buying a house,
something like that.  Does that make
sense to everybody?  

 

Appellant
did not object to these comments.  During
closing arguments, the prosecutor again referred to the State’s burden of proof
without objection by appellant.  

Now it’s important that you
remember that beyond a reasonable doubt does not mean beyond all doubt.  It’s important that you remember that beyond
a reasonable doubt does not mean beyond a shadow of a doubt.  This is the same burden that’s met in this
courthouse every day.  The same burden
that you have to prove for a speeding ticket. 
It’s the same that you have to prove for capital murder.  It’s the same that you have to prove for a
driving while intoxicated case.  If you
want to know if this burden is met by the State of Texas, all you have to do is
look over there to that jail because there are people in that jail who are
there because the State of Texas met their burden beyond a reasonable doubt. 

 

          Appellant raises two issues on
appeal.  First, the prosecutor’s comments
during voir dire and closing argument lowered the State’s burden of proof and
tainted her presumption of innocence. 
Second, this Court should abate to the trial court for further fact
findings on whether appellant understood the English instructions and warnings
surrounding her field-sobriety tests.  

Diminished
Burden of Proof

          In her first issue, appellant argues
the prosecutor improperly described reasonable doubt, diminished the State’s
burden of proof, and tainted her presumption of innocence.  

A.      Preservation of Error

Ordinarily, to preserve an error for
appellate review, the complaining party must make a “timely, request,
objection, or motion.”   Tex. R. App. P. 33.1(a)(1); see Fuentes
v. State, 991 S.W.2d 267,
273 (Tex. Crim. App. 1999) (holding that appellant waived complaint about trial
court’s explanation of reasonable-doubt standard during voir dire by failing to
renew objection when trial court repeated explanation); see Espinosa v. State, 194 S.W.3d 703, 708 (Tex. App.—Houston
[14th Dist.] 2006, no pet.) (“When appellant complains about an improper remark
by the prosecutor during voir dire, appellant must object when the remark is
made.”); see Moore v. State,
907 S.W.2d 918, 923 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d) (holding that
appellant waived complaint about trial court’s comment during voir dire about
weight of evidence); Meadows v. State,
Nos. 01-09-00443-CR, 01-09-00444-CR, 2010 WL 2874199, at *3–4 (Tex.
App.—Houston [1st Dist.] July 21, 2010, pet. filed) (mem. op., not designated
for publication) (holding appellant waived complaint regarding comments by
trial court and prosecutor during voir dire by not objecting).  Appellant did not object to the prosecutor’s
comments during voir dire or closing argument. 
She has waived her complaint on appeal unless the alleged error was a
fundamental error affecting substantial rights, in which case no objection is
necessary to preserve error.  See Tex. R. App. P. 33.1(a)(1); see also Tex. R. Evid. 103(d).

B.      Analysis

Appellant argues the prosecutor’s comments
constitute fundamental error because they tainted her presumption of innocence. 
She relies on Blue v. State,
41 S.W.3d 129, 130 (Tex. Crim. App. 2000) (plurality op.), in which a trial
judge apologized during voir dire for the delay while the defendant considered
a plea bargain and expressed a preference that the defendant plead guilty.  Id.  The Texas Court of Criminal Appeals held this
was fundamental error because the judge’s comments tainted the defendant’s
presumption of innocence and error was preserved without an objection.  Id. at
132–33.  

The facts in Blue are distinguishable. 
The trial judge in Blue
directly addressed the guilt of the defendant. 
Id. at 130.  The prosecutor here made an analogy to an important life decision, pointed to the people in
jail to show the State can meet its burden, and stated, “Beyond a reasonable doubt is going to mean
whatever it means to you.”  This Court
has considered similar comments made by judges and prosecutors during voir dire
and found no taint to the presumption of innocence and no fundamental
error.  See Marshall v. State, 312
S.W.3d 741, 743, 745 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d) (holding
judge’s comment that “Basically I guess the Legislature figures everybody is
reasonable and they would know a reasonable doubt when they see it” was not
fundamental error); Meadows, 2010 WL
2874199, at *3, 5, 6 (holding prosecutor stating, “It’s not beyond a shadow of
a doubt . . . we often times equate it to common sense.  Use your common sense,” was not fundamental
error).  

Here, defense counsel failed to object
to the prosecutor’s statements concerning reasonable doubt. The error
complained of does not reach the severity of the trial judge’s comments in Blue
so as to be fundamental, so an objection was required to preserve the issue on
appeal.  See Blue, 41 S.W.3d at 132; Moore, 907 S.W.2d at 921–22.  We overrule appellant’s first issue.

Abatement
for Voluntariness Findings

          Appellant’s second issue asserts, “The
appeal should be abated for a determination of whether the appellant
sufficiently understood English.”  

          Appellant argues Texas Code of
Criminal Procedure article 38.22, section 6 required the trial judge to make an
independent finding as to the voluntariness of her statements, because she did
not sufficiently understand English.[1]   However, appellant points to no statements
in the record which she claims were not voluntary.  In fact, she points to no statements at
all.  Accordingly no fact findings were
required.[2]   We overrule appellant’s second issue.  




 

Conclusion

          We affirm the judgment of the trial
court.  

 

 

                                                          Sam
Nuchia                                                                                                                    Justice 

 

Panel consists of Chief Justice
Radack and Justices Massengale and Nuchia.[3]

Do not publish.  See Tex.
R. App. P. 47.2(b).

 











[1]           “In all cases where a question is raised as
to the voluntariness of a statement of an 

accused, the court must make an independent finding
in the absence of the jury as to whether the statement was made under voluntary
conditions.  If the statement has been
found to have been voluntarily made and held admissible as a matter of law and
fact by the court in a hearing in the absence of the jury, the court must enter
an order stating its conclusions as to whether or not the statement was
voluntarily made, along with specific findings of facts upon which the
conclusion was based, which order shall be filed among the papers of the cause.”  Tex.
Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon 2005). 

 





[2]           We
note the trial court addressed the
language question in considering appellant’s 

pretrial motion to suppress the test, tape, and
statements involved in the field-sobriety tests.  The trial court denied the motion and found
appellant appeared to understand the instructions since she made appropriate
responses and completed the tests.  





[3]           The Honorable Sam Nuchia, Senior Justice,
Court of Appeals for the First District 

of Texas, participating by assignment.