Opinion issued October 9, 2008 

 
 




            
            
 
 
                        









In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00289-CR
____________

KATO MITCHELL, III, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1082201
 



MEMORANDUM OPINION

          Appellant, Kato Mitchell, III, appeals from a judgment that convicts him of the
second-degree felony offense of indecency with a child. See Tex. Pen. Code Ann.
§ 21.11 (Vernon 2007). Appellant pleaded not guilty to the jury but was found guilty
and sentenced by the jury to five years in prison, suspended for five years of
community supervision. In his first issue, appellant contends trial counsel was
ineffective. In his second issue, appellant challenges the constitutionality of the trial
court’s and prosecutor’s voir dire comments concerning “reasonable doubt.” In his
third issue, appellant asserts the State improperly introduced “evidence that the
appellant cut off pre-arrest discussions with the police and invoked the right to deal
with police through an attorney.” We conclude that the record does not establish that
trial counsel’s performance fell below a professional standard of conduct. We also
conclude that appellant’s second and third issues were not preserved at trial and are
therefore waived on appeal. We affirm the judgment of the trial court. 
Background
          On April 17, 2006, appellant offered complainant, a fifteen-year-old girl who
lived three houses down from him, a ride home as she was walking from school.
Complainant accepted. She said that, on the ride home, appellant inquired about her
boyfriend and her virginity, though appellant denied making those inquiries. 
Complainant stated that once appellant drove to his house, he asked complainant
about her puppy. The puppy frequently escaped complainant’s house, so complainant
assumed that appellant had found her puppy and had it inside. Complainant followed
appellant into his house intending to retrieve her puppy. Appellant denied
mentioning complainant’s puppy. 
          Complainant said that, once inside appellant’s house, appellant repeatedly
asked for a hug until complainant gave in. Appellant then went to another room and
brought back two small outfits resembling lingerie. Complainant stated that appellant
offered the outfits to her for free if she would try them on. Appellant explained that
the clothing was inventory remaining from three clothing stores he had owned. He
classified the outfits as “urban wear” and denied picking out any specific outfits,
claiming that he allowed complainant to search through a box herself. Complainant
refused to take any clothing.
          Complainant reported that when she turned to leave, appellant reached over her
to shut the door, turned her around, pushed up her shirt and bra, and began kissing her
breast. Complainant stated that she continually turned her head to prevent appellant
from kissing her face, and that she pushed appellant away. Appellant denied touching
or kissing complainant, contending that complainant was never inside his house but
stopped to look at clothing at the front door. 
          During the voir dire segment of appellant’s trial, the trial court made the
following comments concerning “reasonable doubt”:
[O]ne definition that will not be given you is proof beyond a reasonable
doubt. We used to have a definition given us by a higher court and the
higher court took it away. So we don’t have a definition so we’re going
to have to wing it. It means what it means you to [sic]. But I need to
talk a little bit about proof beyond a reasonable doubt, give you an idea
about what it is, what it may be, what it is not.
          First of all, we have basically three burdens of proof in our justice
system. The highest burden of proof is proof beyond a reasonable
doubt. Proof beyond a reasonable doubt doesn’t mean proof beyond all
doubt because nothing could be proven to you beyond all doubt unless
you were there and maybe you touched it, saw it, you might be
convinced beyond all doubt but then, of course, you couldn’t be a juror,
you would be a witness.
          It’s not proof beyond a shadow of a doubt, the proof on Perry
Mason. Now, to give you an idea of—in other courts, for example, the
highest burden of proof over in the family courts it’s proof by clear and
convincing evidence where they take your children away from you or
your spouse divorces you, it’s by clear and convincing evidence.
          Over in the civil court where they have those multi-million dollar
verdicts, the burden of proof is only by a preponderance of the credible
evidence, a very low burden of proof. That basically means 51 percent,
prove your case by 51 percent, you get the million dollars.
          But over here we’re talking about life and death in the criminal
courts so the burden of proof is higher. So I’m going to talk to you a
little bit about what it may mean.
          A lot of people are confused about what proof beyond a
reasonable doubt may mean. It’s not rocket science to begin with. It’s
not ephemeral, not the burning bush, something that comes from the sky
and tells you that case has been proven and you have this reaction and
know you’ve been convinced beyond a reasonable doubt. It’s good
common sense and I suggest we all employ that burden of proof, proof
beyond a reasonable doubt in our daily lives. I would suggest it means
making a very important decision in your daily lives. It could be to—the
purchase of a home after you check the structure, neighborhood, price,
interest rate, that sort of thing, you make that very important decision. 
You might say you’re convinced beyond a reasonable doubt that that is
a prudent course of conduct, right thing to do.
          Now, the decisions we make in our daily lives concerning our
safety are among the most important decisions we make. You all live in
Harris County, Texas, drive cars. Literally every time you drive through
an intersection it could be a life and death experience literally. So you
look up and you enter the intersection, look to see if you have a green
light, look to the left and right, make sure there is no incoming traffic. 
You make a split decision, life and death, that it’s safe to inter [sic] the
intersection. So you might say you’ve convinced yourself that it’s,
beyond a reasonable doubt, safe to enter the intersection.
 
Later during voir dire, the prosecutor also described proof beyond a reasonable doubt:
The Legislature has not given us a definition of beyond a reasonable
doubt. We do not have that. You hear this term tossed . . . around on
TV a lot. What I can tell you is it is not proof beyond all doubt or
beyond a shadow of a doubt. It is proof beyond a reasonable doubt. 
And, folks, what I’m going to ask you to do if you’re one of the 12
jurors chosen on this case is to go back there and use your common
sense. That’s what you have to rely on. That’s all that that is going to
require, is you go back in and decide who you believe, what you believe,
what makes sense to you. That is what you have to use to determine or
to come to your decision.After the evidence was presented, the trial court’s instruction to the jury stated, “It is
not required that the prosecution prove guilt beyond all possible doubt; it is required
that the prosecution’s proof excludes all reasonable doubt concerning the defendant’s
guilt.” Defense counsel did not object to either voir dire statement or to the trial
court’s jury charge concerning proof beyond a reasonable doubt.
          At trial, two police officers testified about statements made by appellant. The
first officer who contacted appellant testified without objection that appellant stated
he gave complainant a ride, that he asked if she wanted to see clothes he was selling,
and that the door was open during the five minutes she looked at the clothes. The
officer testified that he did not file charges after speaking to appellant. The second
officer testified that he spoke by telephone to appellant, who declined to give a
second statement to the police, requesting that the officer contact appellant’s attorney.
Ineffective Assistance of Trial Counsel
          In his first issue, appellant asserts that counsel was ineffective by failing to
object to the trial court’s and prosecutor’s statements concerning “reasonable doubt”;
failing to object when an investigator testified that appellant stopped cooperating with
the investigation prior to appellant’s arrest; failing to introduce complainant’s alleged
prior inconsistent statement; asking appellant about “lingerie” after appellant
categorized the outfits as clothing; and endorsing the truthfulness of complainant by
introducing his cross-examination of complainant with: “I know this must be difficult
for you but I’ve got to ask some questions that I want to ask you. I take it you’ve
been truthful and, of course, you know you’re under oath, I remind you.”
          A. Standard of Review
          To prevail on a claim of ineffective assistance of counsel, the defendant must
show that trial counsel’s performance was deficient and a reasonable probability
exists that the result of the proceeding otherwise would have been different. 
Strickland v. Washington, 466 U.S. 668, 687, 693, 104 S. Ct. 2052, 2064, 2068
(1984). The first prong of the Strickland test requires that the defendant show that
counsel’s performance fell below an objective standard of reasonableness. 
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Thus, the defendant
must prove objectively, by a preponderance of the evidence, that trial counsel’s
representation fell below professional standards. Mitchell v. State, 68 S.W.3d 640,
642 (Tex. Crim. App. 2002). Because the reviewing court must indulge a strong
presumption that counsel’s conduct falls within the wide range of reasonable
professional assistance, the defendant must overcome the presumption that, under the
circumstances, the challenged action “might be considered sound trial strategy.” 
Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. The second prong requires that the
defendant show a reasonable probability that, but for counsel’s unprofessional errors,
the result of the proceeding would have been different. See id. at 694, 104 S. Ct. at
2068; Thompson, 9 S.W.3d at 812. 
          Any allegation of ineffectiveness must be firmly founded in the record, which
must demonstrate affirmatively the alleged ineffectiveness. Thompson, 9 S.W.3d at
813 (citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). We
will not speculate to find trial counsel ineffective when the record is silent on
counsel’s reasoning or strategy. See Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex.
Crim. App. 2000). In rare cases, however, the record can be sufficient to prove that
counsel’s performance was deficient, despite the absence of affirmative evidence of
counsel’s reasoning or strategy. Id. 
          B. Analysis
          No direct evidence in the record establishes why appellant’s trial attorney did
not object to the trial court’s and prosecutor’s statements concerning “reasonable
doubt” or to the investigator’s testimony concerning appellant’s unwillingness to
cooperate prior to appellant’s arrest. There is also no direct evidence in the record
establishing why appellant’s attorney opened his cross-examination of complainant
with sympathetic remarks, or why he called the clothing “lingerie” after appellant
described the clothing as “urban wear.” Without direct evidence of counsel’s
motives, we presume that counsel had a plausible reason for his actions. Thompson,
9 S.W.3d at 814. In addition, there is no evidence in the record of a prior
inconsistent statement made by complainant, so we cannot say that appellant’s
attorney’s failure to introduce a statement fell below professional standards when
there is no evidence that such a statement exists. See Bone v. State, 77 S.W.3d 828,
834–35 (Tex. Crim. App. 2002) (holding counsel not ineffective for failing to
introduce evidence when record did not show evidence existed). We conclude
appellant has not met the first prong for establishing ineffective assistance of counsel. 
          We also conclude appellant has not met the second prong for establishing
ineffective assistance of counsel. But for the conduct appellant claims was
ineffective, the result of the proceeding would not likely have been different. The
jury charge, which appellant does not challenge on appeal, contains language similar
to the statements made during voir dire and properly instructs the jury on burden of
proof. We also note that although appellant’s attorney began his cross-examination
with “I take it you’ve been truthful,” the comment, when viewed in context, appears
to have been made to remind complainant she was under oath and was required to be
truthful in her answers during cross-examination. Furthermore, appellant has failed
to explain why the categorization of the clothing as “lingerie” would have caused a
different result. 
          Finally, appellant fails to establish that the result of the proceeding would have
been different if trial counsel had objected when an investigator testified that
appellant stopped cooperating with the investigation prior to appellant’s arrest. The
investigator’s reference to appellant’s pre-arrest silence concerned appellant’s
decision to make a second statement to the police. With no objection from appellant,
the jury heard the contents of appellant’s pre-arrest statement to the police. The jury
also heard that appellant declined to give a second statement to the police, but it is
unlikely the jury weighed that against appellant since appellant demonstrated his
willingness to cooperate by providing his original statement. 
          We conclude that appellant has established neither the first nor second prong
of Strickland because he has failed to show that trial counsel’s conduct fell below
professional standards or that, but for counsel’s errors, the result of the proceeding
would likely have been different. See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068;
Thompson, 9 S.W.3d at 812. We overrule appellant’s first issue.
Discussion of Reasonable Doubt
          In his second issue, appellant challenges the constitutionality of the trial court’s
and prosecutor’s voir dire comments concerning reasonable doubt. However, the
issue is not preserved for appeal.
          To preserve a complaint for appellate review, a party must present the trial
court with a timely request, objection, or motion stating the specific grounds for the
ruling desired. Tex. R. App. P. 33.1(a). It is well established that almost every right
may be waived by failing to object. See Fuentes v. State, 991 S.W.2d 267, 273 (Tex.
Crim. App. 1999) (holding that appellant waived complaint about trial court’s
explanation of reasonable-doubt standard during voir dire by failing to renew
objection when trial court repeated explanation); see also Moore v. State, 907 S.W.2d
918, 923 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d) (holding that appellant
waived complaint about trial court’s comment during voir dire about weight of
evidence); Espinosa v. State, 194 S.W.3d 703, 708 (Tex. App.—Houston [14th Dist.]
2006, no pet.) (“When an appellant complains about an improper remark by the
prosecutor during voir dire, appellant must object when the remark is made.”). 
Absent fundamental error, a trial objection is required to preserve error for appeal. 
See Moore, 907 S.W.2d at 922 (requiring objection to preserve error because right to
be free of judge’s comment is not fundamental). Compare Jasper v. State, 61 S.W.3d
413, 421 (Tex. Crim. App. 2001) (“In Blue v. State, 41 S.W.3d 129, 132 (Tex. Crim.
App. 2000) (plurality op.), a plurality of the Court held that a trial judge’s comments
‘which tainted [the defendant’s] presumption of innocence in front of the venire, were
fundamental error of constitutional dimension and required no objection.’”). 
          Here, trial counsel failed to object to either the trial court’s or prosecutor’s
statements concerning reasonable doubt. The error complained of does not reach the
dimension of the trial court’s comments in Blue so as to be fundamental, and
therefore, an objection was required to preserve the issue on appeal. See Blue, 41
S.W.3d at 132; Moore, 907 S.W.2d at 922. Because he failed to object, we conclude
that appellant has waived this issue. We overrule appellant’s second issue.
 
 
Pre-Arrest Silence
          In his third issue, appellant challenges the constitutionality of the prosecutor’s
introduction of evidence that appellant refused to cooperate with the police
investigation prior to appellant’s arrest. As with appellant’s second issue, we
conclude appellant failed to preserve this issue for appeal. See Rodriguez v. State,
137 S.W.3d 228, 230 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (holding that
appellant failed to preserve error concerning use of his pre-arrest silence by failing
to object at trial). We therefore overrule appellant’s third issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Elsa Alcala
                                                                        Justice
Panel consists of Justices Taft, Keyes, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).