Affirmed and Memorandum Opinion filed December 23, 2008








Affirmed and Memorandum Opinion filed December 23, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00435-CR

____________

 

LORENZA CLAUDE WALKER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd
District Court

Harris County, Texas

Trial Court Cause No. 1015612

 



 

M E M O R A N D U M   O P I N I O N

Appellant Lorenza Claude Walker appeals his conviction for
aggravated robbery, claiming factual insufficiency of the evidence, ineffective
assistance of counsel at trial, and reversible error committed by the trial
court in allegedly commenting on the relevance of appellant=s evidence.  We
affirm.

I.  Factual and Procedural
Background








Houston Police Department Officer Zufal responded to a call
regarding an aggravated robbery at a bank.  At the scene, the officer learned
from the complainant that a man had held a knife to the complainant=s throat and
demanded the complainant=s wallet.  Officer Zufal learned that the
suspect fled in a light-blue sedan with the complainant=s wallet.  Though
the bank=s security guard
did not witness the robbery, the guard verified the complainant=s description of
the fleeing vehicle.  The guard also described appellant and the same vehicle
driven by appellant based on the guard=s encounter with
appellant earlier in the morning at the bank.  Officer Zufal received a license
plate number for the vehicle and recovered from the scene an electronic
organizer, which was dropped by the perpetrator.

A police investigator traced the license plate number to
the owner of the vehicle, who explained that she loaned the vehicle to
appellant.  The investigator created a photo spread using appellant=s driver=s license photo
and other photos of people with physical features similar to appellant=s, from which the
complainant and the security guard each independently identified appellant as
the person they encountered at the bank.  

The investigator learned that the vehicle was involved in
an accident several hours after the robbery.  Appellant admitted to officers
investigating the accident that he was involved in a collision while driving
that vehicle and that he left the scene of the collision.  The description of
the driver of the abandoned car, as relayed to the accident investigators by
those involved in the collision, matched the description of the robber at the
bank.

Appellant was charged with the offense of aggravated
robbery, to which he pleaded, Anot guilty.@  At a jury trial,
the State presented testimony from the investigating officers of both the
robbery and the accident, the complainant, and the security guard.  Appellant=s sister and
employer testified on appellant=s behalf.  The jury found appellant guilty
as charged and assessed punishment at twenty-five years= confinement,
based on enhancement paragraphs contained in the indictment.








II.  Issues and Analysis

A.      Is the
evidence factually sufficient to support appellant=s conviction?

In his third issue, appellant challenges the factual
sufficiency[1]
of the evidence to support his conviction based on allegedly faulty witness
identification of appellant as the suspect, appellant=s alibi evidence,
the license plate number as unobjected-to hearsay, and the uninvestigated
contents of the electronic organizer.  When evaluating a challenge to the factual sufficiency of the
evidence, we view all the evidence in a neutral light and inquire whether we
are able to say, with some objective basis in the record, that a conviction is Aclearly wrong@ or Amanifestly unjust@ because the great weight and
preponderance of the evidence contradicts the jury=s verdict.  Watson v. State,
204 S.W.3d 404, 414B17 (Tex. Crim. App. 2006).  It is not enough that this court
harbor a subjective level of reasonable doubt to overturn a conviction that is
founded on legally sufficient evidence, and this court cannot declare that a
conflict in the evidence justifies a new trial simply because it disagrees with
the jury=s resolution of that conflict.  Id.
at 417.  If this court determines the evidence is factually insufficient, it
must explain in exactly what way it perceives the conflicting evidence greatly
to preponderate against conviction.  Id. at 414B17.  The reviewing court=s evaluation should not intrude upon
the fact finder=s role as the sole judge of the weight and credibility given
to any witness=s testimony.  See Fuentes v. State, 991
S.W.2d 267, 271 (Tex. Crim. App. 1999).  In conducting a factual‑sufficiency review, we
discuss the evidence appellant claims is most important in allegedly
undermining the jury=s verdict.  See Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).








A person commits the offense of robbery if, in the course
of committing theft and with intent to obtain and maintain control of property,
that person A(1) intentionally, knowingly, or recklessly causes
bodily injury to another; or (2) intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death.@  Tex. Penal Code Ann. ' 29.02 (Vernon
2003).  The offense becomes aggravated robbery if the person committing the
robbery causes serious bodily injury to another or uses or exhibits a deadly
weapon.  Id. ' 29.03(a)(1), (2) (Vernon 2003).  A deadly
weapon is considered Aanything that in the manner of its use or
intended use is capable of causing death or serious bodily injury.@  Id. ' 1.07(a)(17)(B)
(Vernon 2003 & Supp. 2008); see McCain v. State, 22 S.W.3d 497, 503
(Tex. Crim. App. 2000) (holding that a knife can be a deadly weapon if the
actor exhibited it or intended to use it in a manner capable of causing death
or serious bodily injury). 

Appellant claims that the complainant=s and security
guard=s identifications
of him from the photo spread were faulty for the following reasons: (1) neither
mentioned a tear-shaped tattoo under appellant=s right eye; (2)
the guard testified that the pictures in the photo spread did not look the
same; and (3) neither was shown a picture of another person who allegedly
appears to look like appellant and who frequently drove that vehicle. 
Appellant also claims that weekly pay receipts from his landscaping job and the
testimony of his sister and his boss supported an alibi that he was working at
the time of the offense. 

Appellant also claims that testimony regarding the license
plate number was unobjected-to hearsay and that the complainant and guard did
not confirm that the vehicle fleeing the bank was the same vehicle involved in
the collision for which appellant acknowledged his involvement.  Finally, 
appellant complains that the contents of the electronic organizer, dropped by
the perpetrator and recovered from the scene, were not searched to confirm the
identity of the owner.  According to appellant, the contents of the electronic
organizer might reveal that it belonged to someone else.  However, the
organizer did not contain batteries at the time it was recovered and no
fingerprints were found on the device.








In this
case, the investigator traced the license plate number of the vehicle seen
fleeing the scene to the vehicle=s owner, who testified that appellant
had borrowed the vehicle on the day in question.  Appellant admitted to
accident investigators that he drove the vehicle that day and abandoned it
after the collision, several hours after the robbery occurred.  When shown the
photo spread, the complainant and the security guard each confirmed that
appellant was the person each encountered at the bank who drove a light blue,
four-door, American-made sedan that also matched the description of the vehicle
in appellant=s collision.  The complainant explained how he saw appellant=s face up-close multiple times and
feared for his life when appellant held a knife to his throat before fleeing
with the complainant=s wallet.  Furthermore, the investigator and the complainant
testified that the photo spread depicted similar photos of black men with
similar facial features, age, height, and weight.








The testimony
of a single eye-witness, such as the complainant in this case, is sufficient to
support a felony conviction for aggravated robbery.  See Johnson v. State,
176 S.W.3d 74, 78 (Tex. App.CHouston [1st Dist.] 2004, pet. ref=d).  Furthermore, alibi evidence is
one factor for the jury=s consideration, and the jury may choose to determine the
weight of such evidence, as an evaluation of such evidence turns on credibility
and demeanor.  Id.; Davis v. State, 831 S.W.2d 839, 842 (Tex.
App.CDallas 1992, pet. ref=d).  Thus, the jury is free to accept
or reject appellant=s alibi evidence.  See Johnson, 176 S.W.3d at 78. 
Though appellant claims that the presence of his tattoo, his alibi evidence,
the possibility of another suspect, and the guard=s testimony of the photo spread
weaken the State=s evidence, a jury=s decision is not manifestly unjust
simply because the jury resolved conflicting views of the evidence in favor of
the State.  See Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App.
1997); Johnson, 176 S.W.3d at 78; Escovedo v. State, 902 S.W.2d
109, 115 (Tex. App.CHouston [1st Dist.] 1995, pet. ref=d) (concluding inconsistency in
testimony concerning location of a robber=s tattoo did not render evidence
insufficient to support aggravated robbery conviction when jury was sole judge
of credibility of witness testimony).  The identity evidence, particularly the
testimony of the vehicle owner who loaned the car to appellant and the
complainant=s description of his attacker and the fleeing vehicle, is not so weak
that the jury=s verdict is against the great weight and preponderance of the evidence. 
See Brown v. State, 212 S.W.3d 851, 864B65 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d).

Viewing
the evidence in a neutral light, we cannot say with some objective basis in the
record that appellant=s conviction is clearly wrong or manifestly unjust because
the great weight and preponderance of the evidence contradicts the jury=s verdict.  See Watson,
204 S.W.3d at 417; Brown, 212 S.W.3d at 864B65; Johnson, 176 S.W.3d at
78.  In light of the evidence presented, we hold that the evidence is factually
sufficient to support appellant=s conviction for aggravated robbery.  See Johnson, 176 S.W.3d at 78; see also Brown,
212 S.W.3d at 864B65.  Accordingly, we overrule appellant=s third issue.

B.      Did
appellant receive ineffective assistance of counsel?

In his second issue, appellant claims that he was denied
his Sixth Amendment right to effective assistance of counsel when his trial
counsel failed to contest, on extraneous-offense evidence grounds, the
admissibility of the multi-car collision in which appellant had previously
admitted driving the vehicle and fleeing the scene of the accident.  The
vehicle was involved in the collision within several hours of the robbery and
matched the license plate number of the vehicle seen fleeing from the bank.  








Both the
United States and Texas Constitutions guarantee an accused the right to
assistance of counsel. U.S. Const. amend.
VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. art. 1.051 (Vernon 2005).  This right
necessarily includes the right to reasonably effective assistance of counsel.  Strickland
v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984);
Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  To prove
ineffective assistance of counsel, appellant must show that (1) trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) there is a reasonable probability that the result of the proceeding
would have been different but for trial counsel=s deficient performance.  Strickland,
466 U.S. at 688B92; 104 S. Ct. at 2064B67.  Moreover, appellant bears the
burden of proving his claims by a preponderance of the evidence.  Jackson v.
State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).  

In
assessing appellant=s claims, we apply a strong presumption that trial counsel
was competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  We presume counsel=s actions and decisions were reasonably professional and were
motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994).  When, as in this case, there is no proper
evidentiary record developed at a hearing on a motion for new trial, it is
extremely difficult to show that trial counsel=s performance was deficient.  See
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  If there is no
hearing or if counsel does not appear at the hearing, an affidavit from trial
counsel becomes almost vital to the success of an ineffective-assistance
claim.  Stults v. State, 23 S.W.3d 198, 208B09 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  The Court of Criminal Appeals
has stated that it should be a rare case in which an appellate court finds
ineffective assistance on a record that is silent as to counsel=s trial strategy.  See Andrews
v. State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005).  On such a silent
record, this court can find ineffective assistance of counsel only if the
challenged conduct was A>so outrageous that no competent
attorney would have engaged in it.=@  Goodspeed v. State, 187
S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001)).  There was no motion for new trial
filed in this case. 

To prevail in his argument, appellant must show that not
only was his trial counsel=s failure to object error, but that the
error was of such a magnitude as to Aundermine
confidence in the outcome.@  See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.  When an
appellant claims his trial counsel failed to object to the introduction of
extraneous offenses, a claim of ineffective assistance of counsel will fail
unless the evidence was inadmissible and admission of the evidence probably
affected the outcome of the trial.  Cooper v. State, 707 S.W.2d 686, 688
(Tex. App.CHouston [1st Dist.] 1986, pet. ref=d). 








The record reflects that appellant=s trial counsel
objected on hearsay grounds to testimony of the accident report of the
collision.  Presuming, without deciding, that appellant=s trial counsel
performed deficiently in failing to object to the collision evidence on
extraneous-evidence grounds, appellant failed to show that there is a
reasonable probability that but for his trial counsel=s failure to
object to the evidence, the outcome of the proceeding would have been
different.  See Chapa v. State, No. 04-07-00326-CR, 2008 WL 2601823, at
*3 (Tex. App.CSan Antonio July 2, 2008, no pet.) (mem. op., not
designated for publication).  Given the evidence such as the license plate
number of the vehicle fleeing the robbery scene, the vehicle owner=s testimony about
loaning the vehicle to appellant, and the complainant=s identification
of appellant from the photo spread, we cannot conclude that the outcome would
have been different had appellant=s counsel objected
to the evidence on extraneous-evidence grounds and the evidence of the
collision had been excluded.  See Chapa, 2008 WL 2601823, at *3. 
Moreover, even if the collision evidence were inadmissible, on this silent
record appellant has not rebutted the strong presumption that trial counsel=s actions were
competent and may have been an appropriate trial strategy.  See Jackson,
877 S.W.2d at 771B72; Delrio v. State, 840 S.W.2d
443, 446B47 (Tex. Crim.
App. 1992); London v. State, No. 14-97-01277-CR, 1999 WL 694725, at *4
(Tex. App.CHouston [14th Dist.] Sept. 9, 1999, pet. ref=d) (not designated
for publication) (holding that failure to object to extraneous-offense evidence
of drug use in an aggravated robbery trial was not ineffective assistance of
counsel).  Therefore, appellant=s trial counsel=s failure to
object on these grounds does not constitute ineffective assistance of counsel.  See
London, 1999 WL 694725, at *4.  Accordingly, we overrule appellant=s second issue. 

C.      Did the
trial court improperly comment on the appellant=s alibi evidence?








In his first issue, appellant claims reversible error
occurred when the trial court improperly commented on the relevance of pay
reciepts offered by the appellant in support of his alibi defense.  Through the
testimony of his employer, who is also appellant=s sister=s boyfriend,
appellant sought to introduce as evidence pay receipts from his job as proof
that he was working on the day of the robbery.  Appellant complains of the
trial court=s remarks in the following exchange during appellant=s employer=s testimony when
the receipts were offered and admitted:

[DEFENSE COUNSEL]:  Okay.  Now, Defense Exhibits 2 and 3, now that they
are in evidence would you tell the jury what those documents are?

[WITNESS]:  Oh, they=re receipts from previous pay periods.

[DEFENSE COUNSEL]:  Okay.  And you wrote those out.

[WITNESS]:  Yes.

[TRIAL COURT]:  Before we get into that, I fail to see the relevance of
these receipts unless they are specifically on the date in question as to the
alleged offense.

[DEFENSE COUNSEL]:  They are.  Your Honor, I=ll be glad to show the Court the
date if you=d like to see them.

[TRIAL COURT]:  Yeah, I would like to see them, please.

(Evidence tendered)

[TRIAL COURT]:  I see none of these receipts on the date in question
within the indictment this offense hasBis alleged to have been committed so I don=t see the relevance of this
counsel.

[DEFENSE COUNSEL]:  Your honor, may I state the relevance?

[TRIAL COURT]:  Very briefly please.

. . .

[TRIAL COURT]:  These are receipts fromBreceipts to show monies received from Advantage
Cleaning, right?

[DEFENSE COUNSEL]:  Your Honor, I would elicit testimony to explain
what the receipts show.

[TRIAL COURT]:  That=s what it says, Counsel, from Advantage Cleaning.  I really don=t see the relevance of anything in
this document that pertains to December 10th.  So I=ll give you a very brief amount of
time to try toBto document each, if you will
please.

[DEFENSE COUNSEL]:  Your Honor, with all due respect, we would object
to the Court commenting on the evidence.








[TRIAL COURT]:  I have a right to
proceed and make sure that this is run expediently.  If I don=t believe that is
of any value to the Jury, I have a right to not allow you to go into wasting
time.  And that=s exactly what I=m doing to ensure
that whatever you spend time on is of value to the disposition of this case. 
Otherwise I=ll just tell you, no, you can=t go into it.  So
do it very quickly or don=t do it at all.

Article 38.05 of the Texas Code of Criminal Procedure
prohibits the trial court from commenting on the weight of the evidence.  Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979).  Without
deciding whether the trial judge=s statements
constitute an impermissible comment on the weight of the evidence, we conclude
appellant has waived this complaint because he did not timely object to the
trial court=s statements.  See Tex. R. App. P. 33.1(a).  As a general rule, to preserve a
complaint for review on appeal, a party must have made a timely, specific
objection to the trial court.  See Tex.
R. App. P. 33.1(a); Rhoades v. State, 934 S.W.2d 113, 119 (Tex.
Crim. App. 1996); Peavey v. State, 248 S.W.3d 455, 470 (Tex. App.CAustin 2008, pet.
ref=d).  A party must
object at the earliest possible opportunity to improper comments by the trial
court regarding the weight of the evidence, and the objecting party must obtain
an adverse ruling.  Davis v. State, 177 S.W.3d 355, 363 (Tex. App.CHouston [1st
Dist.] 2005, no pet.) (en banc); see Peavey, 248 S.W.3d at 470. 
Generally, failure to timely object waives all error unless the statement is so
prejudicial that no instruction could have cured the harm.  See Peavey,
248 S.W.3d at 470; Davis, 177 S.W.3d at 363.  A defendant=s failure to
timely object to the trial judge=s comments waives
any error and nothing is presented for review.  See Williams v. State,
191 S.W.3d 242, 251, 252B54 (Tex. App.CAustin 2006, no
pet.).  Thus, a claim that the trial court improperly commented on the weight
of the evidence or conveyed an opinion of the case is forfeited by inaction or
belated action.  See Peavey, 248 S.W.3d at 470; Martinez v. State,
147 S.W.3d 412, 419 (Tex. App.CTyler 2004, pet. ref=d); Moore v.
State, 907 S.W.2d 918, 923 (Tex. App.CHouston [1st
Dist.] 1995, pet. ref=d).








In this case, appellant did not timely object to the trial
court=s statements, and,
therefore, did not preserve error for review.  See Peavey, 248 S.W.3d at
470; Davis, 177 S.W.3d at 363.  Appellant objected to the trial court=s comment only
after the trial judge thrice made the same comment regarding the relevance of
the pay receipts.  See Davis, 177 S.W.3d at 363 (objecting and asking
for curative instruction one day later).  A claim, as in this case, that the
trial judge improperly commented on the weight of the evidence, is forfeited by
inaction or belated action.  See Peavey, 248 S.W.3d at 470; Davis,
177 S.W.3d at 363; Martinez, 147 S.W.3d at 419; Moore, 907 S.W.2d
at 923.  Accordingly, we overrule appellant=s first issue.

Having found no merit in any of appellant=s issues, we
affirm the judgment of the trial court.

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

Panel consists of
Justices Anderson and Frost and Senior Justice Hudson.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Because a factual-sufficiency review begins with the presumption that
the evidence supporting the jury=s verdict is legally sufficient, and because appellant
challenges only the factual sufficiency of the evidence, appellant effectively
concedes the evidence is legally sufficient to sustain the conviction.  See
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).





*  Senior Justice J. Harvey Hudson sitting by
assignment.