**Michael Gene RICHARDSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–111–CR.**

Court of Appeals of Texas,
Fort Worth.

April 28, 1982.

James H. Shaw, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and M. Eugene Grant, Jr., Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, HOLMAN and BROWN, JJ.

## OPINION

HUGHES, Justice.

Michael Gene Richardson has appealed his conviction of aggravated robbery. His punishment was assessed at twenty years confinement in the Texas Department of Corrections.

We affirm.

The manager of a service station was robbed at gunpoint on July 30, 1979, at approximately 10:15 p. m. at his place of business. In the early afternoon of the following day appellant was arrested following a chase on foot. He was intoxicated.

Appellant was committed to jail shortly after his arrest. Testimony reflects that he was taken before a magistrate on July 31. In the late hours of July 31 and early morning hours of August 1, appellant complained of sickness. He was taken to a hospital where he was administered an injection of Visturil, a tranquilizer and anti-nausea medication. He was also given a prescription for Visturil along with a prescription for Darvocet, a narcotic substitute. These prescriptions were not filled until the evening of August 1. The appellant was returned to jail where he slept.

Appellant was removed from his cell around 8:30 the morning of August 1. He was again taken before a magistrate where he signed a form acknowledging that he had been warned of his rights.

Shortly after noon on August 1 appellant appeared in a line-up with four other men. The manager of the service station designated appellant as the man who robbed him on July 30.

Appellant was told that he had been identified in the line-up and was suspected to have committed several robberies. He then signed a statement he allegedly made in which he confessed to having committed the robbery at the service station.

The appellant's first ground of error is that the trial court erred in admitting the line-up identification of appellant because it was not shown by clear and convincing proof, to be of independent origin. It appears that appellant is contending that the in-court identification, made by the service station manager, was tainted.

■ The record is devoid of any evidence that the line-up was unnecessarily suggestive. See: *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). We further observe that the line-up was merely investigatory; therefore, the appellant had no right to assistance of counsel. *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *Walker v. State*, 588 S.W.2d 920 (Tex.Cr.App.1979). We find no indication that the in-court identification was tainted by a "primary illegality" associated with the line-up. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). We find no error in the trial court's admission of the line-up evidence. No independent origin needed to be proved. The first ground of error is overruled.

The second ground of error also relates to the in-court identification. On the day before appellant's trial the service station manager was at the courthouse. Apparently he observed the appellant sitting in a courtroom, after having been told by an investigator that the appellant would be in there. This ground was not urged before the trial court as an objection to the in-court identification of the appellant by this witness. Nothing is presented for review. *Thompson v. State*, 537 S.W.2d 732 (Tex.Cr. App.1976). The second ground of error is overruled.

■ In the third ground of error, it is asserted that the trial court took a prosecutorial stance. At the pre-trial hearings on the admissibility of the in-court identification and the voluntariness of appellant's confession, the trial court made several inquiries of the witnesses as they testified. It is significant that the jury was not present when these questions were asked. During the hearing the trial court made this remark to the appellant's counsel:

"[Y]our questions have repeatedly been questions that don't help the court decide this, because you're not pinpointing the questions. You're not showing the time. You're not showing what's happened."

The questions were clearly asked in order to aid the trial court in clarifying the facts. We see no indication that the trial court was not impartial. The trial court was within its prerogative. See *Brewer v.*

*State,* 572 S.W.2d 719 (Tex.Cr.App.1978); *Munoz v. State,* 485 S.W.2d 782 (Tex.Cr. App.1972). We overrule the third ground of error.

■ The fourth ground of error attacks the trial court's termination of the pre-trial hearing. The hearing on the in-court identification and the voluntariness of the statement was conducted over a period of several hours. Several witnesses had been called and as appellant's counsel was examining a witness, the trial court interrupted and stated the following:

"Counsel, I'm cutting it off right here. I have already heard all of this testimony, and let the record show that you started—I started these motions at 3:30 yesterday afternoon while the jury was waiting, that I worked until 7:00 o'clock last night, that I called—this Court went into session again at 7:00 o'clock this morning, and that I have heard that many hours of testimony on these motions. What I'm hearing now is immaterial stuff that's repetitious, and the Court has heard all he wants to hear on these motions.

You may step down."

Appellant's counsel objected to the trial court terminating the hearing and stated that he wanted to develop, through the testifying witness, "the threats and coercion and the fear placed on Michael Richardson when he was arrested". However, the witness was not present when appellant was arrested. Appellant's counsel conceded he had no more witnesses. Certainly the trial court did not abuse its discretion in terminating the hearing. Contrast: *Madeley v. State,* 388 S.W.2d 187 (Tex.Cr.App.1965). We overrule the fourth ground of error.

The appellant's sixth ground of error is that the trial court erred in admitting appellant's confession over objection that he had not been adequately warned of his rights prior to and during the taking of the statement and it had not been shown that appellant freely and voluntarily waived his rights to the assistance of counsel at this critical stage of the criminal process.

On the afternoon appellant was arrested the arresting officer read the appellant his rights. After each sentence of the warning the officer asked appellant if he understood and appellant replied that he did. That evening appellant was taken before a magistrate for the purpose of being given the magistrate's warning. Appellant was again taken before a magistrate the next morning at which time he was given a second magistrate's warning. He signed a statement that he had been warned. The officer who took the statement asked the appellant if he could read, write and understand English. Appellant said he could. He also told appellant that he had the same rights the magistrate had warned him of earlier and that appellant did not have to talk with him. Appellant replied that he would give a statement. After the statement was completed the officer gave it to appellant and told him to read all of it including the top which set forth his rights. Although the officer did not go through the rights verbatim, he gave the statement to appellant and explained that "these were his rights as to remain silent, and the same thing similar to the warning that the Magistrate gave him, and asked him to read it before he read that statement, and make sure he read all of it". Appellant appeared to read the entire statement. At no time during this process did appellant indicate that he did not understand his rights or that he wished to consult with an attorney.

■ V.A.C.C.P. art. 38.22, Sec. 2 (1979) requires that before a written statement is admissible into evidence it must be shown not only that the accused is warned of his rights; it must also be shown that the accused knowingly, intelligently and voluntarily waived the rights prior to and during the making of the statement. In making the determination of waiver the totality of the circumstances should be examined. *Berry v. State,* 582 S.W.2d 463 (Tex.Cr.App. 1979).

The appellant had had previous experience with law enforcement authorities. He had been repeatedly warned of his rights. The statement recites that "I hereby freely, intelligently, voluntarily and knowingly

waive these rights and not desiring a lawyer, voluntarily choose to make the following statement . . .". There is no question that appellant can read and understand the English language. All these factors are properly considered in viewing the totality of the circumstances. *Walker v. State*, 501 S.W.2d 912 (Tex.Cr.App.1973). We hold that appellant was fully apprised of his rights and voluntarily waived them. The sixth ground of error is overruled.

■ Appellant's seventh and eighth grounds of error go to the court's ruling following the hearing on the voluntariness of appellant's statement. In the seventh ground appellant asserts that the trial court did not make written fact findings on the issue of whether he had diminished mental capacities due to his intake of heroin and cocaine. The record reveals that the trial court did file general written findings to the effect that the appellant was warned of his rights, that he voluntarily waived those rights, and that no improper influence was exerted upon him which caused him to make the statement.

At no time did the appellant specifically raise the issue of diminished mental capacity in a motion or objection. The trial court's findings are no more general than the issues that were specifically pointed out during trial. Only the evidence itself raised the issue of diminished mental capacity.

Following the hearing the trial court recited specific findings to the court reporter. Therein the trial court recited that it was his determination that appellant could remember details about all events and his confession was voluntary.

We are mindful that V.A.C.C.P. art. 38.22 sec. 6 (1979) states that "the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause". In *Hester v. State*, 535 S.W.2d 354, 356 (Tex.Cr.App.1976) it was made clear that one purpose of the requirement of specific findings is to make the record reflect, for the parties and for possible appellate review, the basis of the court's ruling on voluntariness. The record before us well documents the basis of the court's written order. We overrule the seventh ground of error.

Appellant's eighth ground of error is that the trial court erred in admitting appellant's confession into evidence since the court stated that appellant "felt that it was to his advantage to sign the confession whereby he might get out of being filed on several robberies instead of on one robbery".

The court did make this remark in connection with his summary of his finding that the appellant was not mentally incapacitated. However, there was no evidence from either the State or the appellant that any promise was made by anyone to the appellant to obtain his signing of the confession and the court does not state that appellant was induced to sign the statement by a promise that other robberies would not be filed. We overrule the eighth ground of error.

■ Appellant requested that the trial court charge the jury that it should disregard the statement of appellant if it had reasonable doubt that at the time appellant made the statement he was reduced to a condition of physical or mental impairment so as to render the statement involuntary. The trial court's refusal of this request is the basis of appellant's fifth ground of error.

The jury heard only hypothetical evidence of symptoms which would be manifested by one who is suffering heroin withdrawal. No witness testified that appellant was showing signs of heroin withdrawal when he made the statement. The only evidence before the jury showing appellant may have been suffering heroin withdrawal related to the period before he was taken to a hospital. "Only when some evidence is presented that a confession is not voluntary is the matter put in issue" so as to require a jury instruction. *Brooks v. State*, 567 S.W.2d 2, 3 (Tex.Cr.App.1978). We overrule the fifth ground of error.

■ In his ninth ground of error the appellant asserts that the trial court abused its discretion in refusing appellant's request to have the issue of the voluntariness of his confession decided by the court prior to the voir dire of the jury panel. Under Article 38.22 it is sufficient that the trial court make its determination as to voluntariness at any time before the statement is admitted into evidence. We overrule the ninth ground of error.

At the beginning of appellant's trial on the merits the following exchange took place:

"THE COURT: Are you Michael Gene Richardson?

THE DEFENDANT: Yes, sir."

■ Appellant complains that the trial court erred in requiring him to identify himself in the presence of the jury, thereby compelling him to give testimony against himself in violation of his privilege against self-incrimination.

The privilege against self-incrimination "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature". *United States v. Wade, supra.* Appellant in no way proved his "identity" as the offender as he would have us hold. Even if the court had been out of order in asking him to state his name before the jury, such act was harmless inasmuch as appellant established by several of his own witnesses, including his mother, that his name was Michael Gene Richardson. We overrule the tenth ground of error.

■ Appellant's eleventh ground of error is that the trial court erred in admitting a pistol into evidence because it was irrelevant, not tied to the appellant and was not probative of any issue before the court.

Officer John Lucas was on duty the date of appellant's arrest. He observed the appellant riding with another man who was driving a vehicle and radioed for assistance in stopping the vehicle. At the point when the vehicle was pulled over, the appellant jumped from the passenger's door and ran. Lucas apprehended and arrested him.

Officer R. L. Griffin testified that he was at the scene where the vehicle appellant had fled from was stopped. Although he never saw appellant at any time, Griffin observed a pistol being removed from the car from which appellant had fled. This pistol was introduced into evidence as Griffin was testifying.

The service station manager testified that the pistol introduced into evidence looked like the one used in the robbery.

The evidence clearly connects the appellant to the vehicle from which the pistol was removed. The weapon with which the crime was alleged to have been committed is admissible into evidence. *Mullenix v. State*, 499 S.W.2d 330 (Tex.Cr.App.1973). Any lack of positive identification of the pistol merely goes to its weight rather than its admissibility. *Mullenix v. State, supra.* We overrule the eleventh ground of error.

State's Exhibit Number 2 was the magistrate's warning sheet. Over appellant's objection it was admitted into evidence. Appellant's twelfth, thirteenth and fourteenth grounds of error respectively attack the admission of the warning sheet because it contained evidence of an extraneous offense; it was a hearsay rendition of a "statement" made by appellant which was not shown to have been voluntarily made; and the magistrate had not made findings as to the voluntariness of the "statement" before he admitted the warning sheet into evidence.

■ Appellant has completely failed to present argument and authorities in regard to the alleged preliminary requirement that the trial court make findings before admitting the warning sheet into evidence. There is nothing presented for review. *Daniel v. State*, 486 S.W.2d 944 (Tex.Cr.App.1972, cert. den. 410 U.S. 958, 93 S.Ct. 1433, 35 L.Ed.2d 692). We overrule the fourteenth ground of error.

At trial appellant raised no objection to the admission of the warning sheet on the ground that it contained evidence of extraneous offenses. Nothing is presented for

review. *Esquivel v. State*, 595 S.W.2d 516 (Tex.Cr.App.1980). We overrule the twelfth ground of error.

 The use of the warning sheet does not come within the parameters of Article 38.22. It was not used to prove guilt. See: *Harrison v. State*, 556 S.W.2d 811 (Tex.Cr. App.1977). Thus, a showing of voluntariness is not necessary. The warning sheet only goes to demonstrate that appellant had been warned of his rights and that he had no questions or requests at that time. See: *Pittman v. State*, 434 S.W.2d 352 (Tex.Cr. App.1968). We overrule the thirteenth ground of error.

We have considered appellant's pro se brief and find it to be without merit.

The judgment of the trial court is affirmed.